IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.                                                                                                  No. CR 10-0101 RB

**JONATHAN BROOKS JONES,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider (Doc. 38), filed on July 31, 2015. Defendant requests that the Court reconsider its Order denying Defendant's Amended Motion to Modify Sentence Based on Amendment to United States Sentencing Guidelines § 2D1.1. (Doc. 36.) Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court denies this motion.

**I.     Background**

On January 14, 2010, Defendant was charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2. (Doc. 10.) On April 12, 2010, Defendant pleaded guilty to the Indictment pursuant to a plea agreement. (Doc. 23.) The Presentence Investigation Report determined that the United States Sentencing Guideline range was 92 to 115 months, based on a total offense level of 23 and a criminal history category of VI. However, in the plea agreement, the parties stipulated that the appropriate sentence in this case was 105 months pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(C).  (*Id.*)  On August 18, 2010, Defendant was sentenced to 105 months imprisonment, to be followed by four years supervised release.  (Doc. 30.)

On April 16, 2015, Mr. Jones moved the Court reduce his sentence to 77 months, which is within the amended United States Sentencing Guideline range of 77-96 months.  (Doc. 36.)  On May 21, 2015, the United States Probation Office issued a memorandum that concluded Defendant was not eligible for a sentence reduction because the Court's sentence was based on a stipulated sentence pursuant to Rule 11(c)(1)(C), and not on the United States Sentencing Guidelines.  On July 28, 2015, the Court issued an order denying Defendant's motion.  (Doc. 37.)  On July 31, 2015, Defendant filed a motion to reconsider and requests that the Court sentence Defendant within the amended guideline range.  (Doc. 38.)

**II.**   **Discussion**

A district court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A sentence reached through a Rule 11(c)(1)(C) plea agreement can be "based on" the Guidelines for purposes of Section 3582(c)(2).  *See Freeman v. United States*, 131 S.Ct. 2685 (2011) (plurality opinion).  However, in order for a sentence to be based on the Guidelines, the Guidelines range must be evident from the agreement itself.  *Freeman*, 131 S.Ct. at 2697; *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (stating that Justice Sotomayor's concurrence in *Freeman* "represents the Court's holding").  The test for whether a stipulated sentence was "based on" the Guidelines is whether the parties expressly refer to the Guidelines in the plea agreement to establish the Rule 11(c)(1)(C)

stipulated sentence, and not on whether the stipulated term was within the advisory sentencing range.  *Freeman*, 131 S.Ct. at 2697.

In this case, the parties stipulated to a term of 105 months imprisonment in the plea agreement.  (Doc. 23.)  The Guidelines range was not reflected in the plea agreement.  (*Id*.)  According to the Supreme Court in *Freeman*, the Court must look to whether the parties expressly based the sentence of 105 months on the Guidelines in the plea agreement.  *Freeman*, 131 S.Ct. at 2697.  While the stipulated term falls within the applicable Guideline range, there is no express indication in the plea agreement that the stipulated term of imprisonment was based on the Guidelines.  (Doc. 23.)  Therefore, Amendment 782 to United States Sentencing Guidelines § 2D1.1 does not affect the stipulated range or the sentence imposed, and Defendant is statutorily ineligible for a modification of his sentence under Section 3582(c)(2).

### III.    Conclusion

While 18 U.S.C. § 3582(c) allows for reduction of a sentence in certain limited circumstances, no such circumstances exist herein.  The motions present no statutory authority that would allow the Court to modify the sentence.  Because the Court may not grant the relief that Defendant has requested, Defendant's Motion for Reconsideration will be denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**